

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MINDY MANSFIELD,

Plaintiff,

v.

SUTTELL AND HAMMER, APC, and DISCOVER BANK,

Defendants.

Case No.:  3:25-cv-01765-W-AHG

**ORDER GRANTING JOINT MOTION FOR EXTENSION OF FACT DISCOVERY DEADLINE**

**[ECF No. 17]**

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 17. The parties seek an order from the Court continuing the deadline to complete fact discovery by approximately 45 days. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 16 at 8 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.*

*Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at \*12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at \*1–\*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at \*2 (D. Ariz. Sept. 19, 2018)).

Fact discovery in this matter closes on July 2, 2026. ECF No. 16. Here, the parties represent to the Court that they have completed written discovery, and have "tentatively scheduled party and third party depositions through to the July 2, 2026 discovery cutoff date." ECF No. 17 at 1. However, "[o]ver the last several days, the Parties have engaged in productive settlement discussions that have moved Plaintiff and Defendants positively towards an amicable resolution of this matter." *Id*. at 2. Since depositions "are labor intensive, time consuming, and expensive[,]" the parties seek to extend the fact discovery cutoff so they can seriously explore settlement. *Id*. As such, the parties request an extension of the fact discovery deadline, from July 2, 2026, to August 21, 2026. *Id*. at 3. The parties also represent to the Court that they "do not anticipate that any expert discovery will be required in this matter [and] do not believe that any commensurate modification of the expert discovery deadlines will be necessary." *Id*. at 2. Thus, any extension of the fact discovery deadline would not impact the remaining scheduling order deadlines. *Id*.

The Court appreciates that the parties have worked diligently to complete discovery within the timeframe allotted, and finds good cause to **GRANT** the parties' request given their desire to pursue settlement. Thus, all fact discovery shall be completed by all parties by **<u>August 21, 2026</u>**. The parties shall comply with the procedures set forth in the paragraph

governing fact discovery in the original Scheduling Order. *See* ECF No. 16 at ¶ 2. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 16) **remain in place**.

In the parties' joint motion, they also request an early settlement conference in the matter. ECF No. 17 at 2. Upon due consideration, the Court **GRANTS** the parties' request and orders as follows:

1.    A Settlement Conference shall be conducted on **August 5, 2026** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard *via videoconference*.

2.    **The Court expects that all discovery necessary to evaluate settlement will be completed ahead of the settlement conference**.

3.    The Court requires the personal attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

4.    Plaintiff must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **July 23, 2026**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the Settlement Conference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the Settlement Conference before agreeing to any settlement does not have full authority.

3:25-cv-01765-W-AHG

5.      Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **July 28, 2026**.

6.      Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **July 31, 2026**. The Statement must be lodged in .pdf format **via email** to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

7.      Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than  **July 31, 2026**. The Letter must be lodged in .pdf format **via email** to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

8.      No later than **July 31, 2026**, each party must submit to the Court **via email** (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

9.      All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

10.    All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

**IT IS SO ORDERED.**

Dated:  June 17, 2026

_____

Honorable Allison H. Goddard
United States Magistrate Judge